**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CLARK EUGENE PERRY,

       Petitioner,

v.  No. CIV 11-841 WJ/LFG

MANUEL PACHECO, et al.,

       Respondents.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Petitioner Clark Eugene Perry's ("Perry") "Objection to Magistrates Order Denying Petitioner's Motion for Appointment of Counsel," filed January 5, 2012. [Doc. 10.] There is no need for a response.

**Background**

The undersigned Magistrate Judge construes Perry's objections to be a motion to reconsider this Court's December 2011 Order denying his request for appointment of counsel. [Doc. 9.] While Perry's motion to reconsider is apparently signed by Perry, it was "prepared for ... Perry ... by another inmate, John Floyd Steele ("Steele"). [Doc. 10, p. 2.]

Perry consistently argues, through Steele, that because he has been diagnosed with "mild mental retardation" and has a "low I.Q., limited education, and emotional and behavioral issues," he requires appointment of counsel. [Doc. Nos. 8, 10.] While originally given an extension of time until January 13, 2012, to file a reply, Perry asks that he be appointed counsel and that he be given more time to file a reply. [Doc. 10, p. 2.]

1

**I.      Whether Motion for Reconsideration is Properly before Magistrate Judge**

The Court first addresses Perry's request that this motion to reconsider be submitted to United States District Judge William P. Johnson for reconsideration.

On September 21, 2011, the presiding District Judge entered an Order of Reference, referring this entire case to the undersigned Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (b)(3). [Doc. 3.] Title 28 U.S.C. § 636(b)(1)(B) authorizes a district judge to designate a magistrate judge to conduct evidentiary hearings, as needed, and to submit proposed findings of fact and recommendations for disposition to the district judge. Once a magistrate judge files findings and recommendations as to the disposition of the case, a party may serve and file written objections. The district judge then shall make a *de novo* determination of those portions of the findings and recommendations to which there are objections.

In this case, the Magistrate Judge has not yet filed proposed findings of fact and recommendations as to the final disposition of the entire case. Instead, the Magistrate Judge filed an interim order denying appointment of counsel. The Court concludes that a motion to reconsider a magistrate judge's denial of an appointment of counsel is not a motion that must be presented to the presiding district judge.

In Magee v. Rowland, 764 F.Supp. 1375, 1376 (C.D. Cal. 1991), the Court reviewed a similar request for the district judge to review an interim discovery ruling made by a magistrate judge and denied the request. "[I]n a proceeding referred to a magistrate judge under § 636(b)(1)(B) for a report and recommendation, an immediate, interlocutory appeal does not lie to the district judge from an *interim* discovery ruling made in that proceeding, as if the discovery motion had been separately referred under § 636(b)(1)(A). Id. (emphasis in original). The Court reasoned that such

interlocutory reviews "would frustrate the purpose of reference of the entire matter to a magistrate judge for report and recommendation." Id. The Court further stated:

> If discovery orders in such proceedings were subject to interlocutory review by the district court, other interlocutory rulings, such as the grant or denial of a motion to amend a pleading or for a more definite statement, . . . , and the grant or denial of a motion for a continuance, all would be subject to interlocutory review by the district judge. Especially in light of the Supreme Court's ... broad reading of the Magistrates Act in McCarthy v. Bronson, 500 U.S. 136 (1991), the court concludes that such micro-oversight of §636(b)(1)(B) proceedings was not intended by Congress. It is sufficient and in keeping with the purpose of the Act that all *interim* rulings of the magistrate judge are subject to review when he or she files the proposed findings and recommendations.

Id. at 1376-77 (emphasis in original).

Similarly, the Seventh Circuit Court of Appeals found that a magistrate judge did not exceed her authority when she construed the plaintiff's objections to the denial of appointment of counsel as a motion to reconsider that was properly before the magistrate judge. McNary v. Norman, 134 F.3d 374, 1998 WL 4738, *3 (7th Cir. Dec. 17, 1997) (unpublished). In McNary, the circuit court explained that the district court did not need to consider this nondispositive order before the magistrate judge held a trial in that case. Instead, the district court properly considered the objections or motion to reconsider when conducting its *de novo* review of the magistrate judge's report and recommendation. Id.

While neither of these decisions is binding authority, the Court finds the reasoning persuasive. Thus, the motion for reconsideration is properly before the Magistrate Judge. When the Magistrate Judge issues its proposed findings and recommendations, Perry will be able to raise any objections he has to earlier interim rulings, which the District Court will then address in its *de novo* review.

**II.      Merits of Motion for Reconsideration**

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 944 (10th Cir. 1995). Some of the grounds that may warrant a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). Perry has not demonstrated an intervening change in the controlling law, new evidence, or clear error that must be corrected.

Indeed, there is no constitutional right to counsel beyond the direct appeal of a conviction. and the decision is left to the court's discretion. Swazo v. Wyoming Department of Corrections, 23 F.3d 332, 333 (10th Cir. 1994).  In determining whether counsel should be appointed, the relevant considerations include the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004).  "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision [to deny appointment of counsel] be overturned." Id. (quotation omitted).  Perry's case is not that "extreme case." *Compare* McCarthy v. Weinberg, 753 F.2d 836, 838-39 (10th Cir. 1985) (holding a prisoner with multiple sclerosis attending court in a wheelchair who had diminished eyesight, hearing, and ability to communicate and needed to present complex medical issues requiring expert opinion should have been appointed counsel).

The Court already carefully reviewed the nature and possible merits of the claims in this case, along with Perry's ability to investigate and present his claims.  The Court determined that Perry's claims are not complex and that he is doing an adequate job of representing himself

4

notwithstanding the assistance he receives from other inmates. The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." McCarthy, 753 F.2d at 838. Perry has not convinced the Court that there is sufficient merit to his claims to warrant appointment of counsel or that he is unable to adequately represent himself.

The Court also reviewed Perry's current motion and the attachments, that include a report from the Las Vegas Medical Center, dated February 15, 2005. The report documents a significant history of substance abuse but also states that Perry's speech was understandable and normal. His affect was appropriate and his form of thought was linear, goal-directed and logical. His attention and concentration and abstract thinking were intact. His insight and judgment were fair. Perry was diagnosed with a depressive disorder, alcohol abuse and antisocial personality disorder. Diagnoses did not include mental retardation. The staff psychiatrist concluded that it "may be questionable as to whether or not [Perry] actually requires current medications," which included Prozac and Trazodone.

Also attached to the motion to reconsider are notes related to Perry's discharge from Las Vegas Medical Center. These notes indicate that in 1987, Perry was hospitalized at age 12 for aggressive and disruptive behavior in school and suspected illegal substance abuse. His diagnosis then was mild mental retardation and conduct disorder. These notes also state that Perry was deemed competent to stand trial. "[H]is adaptive functioning was significantly higher than what you would expect with such levels [from previous intellectual functioning testing that were somewhat low]. Perry was diagnosed with mild mental retardation "per previous evaluation."

The Court determines, that for all of the above-stated reasons, Perry's motion for reconsideration will be denied. However, the Court allows Perry an additional ten (10) days to file his reply. Thus, the reply is now due no later than January 23, 2012.

IT IS THEREFORE ORDERED that Perry's motion for reconsideration [Doc. 10] is DENIED and that he is allowed until January 23, 2012, to file a reply in support of his § 2254 petition.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge