IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLARK EUGENE PERRY,

        Petitioner,

v.                                            No. CIV 11-841 WJ/LFG

MANUEL PACHECO, Warden, and
GARY K. KING, Attorney General
for the State of New Mexico,

        Respondents.

**MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDED DISPOSITION[1]**

**Findings**

    1.    This is a proceeding on Clark Eugene Perry's ("Perry") § 2254 petition for writ of habeas corpus, filed September 20, 2011. [Doc. 1.] On October 27, 2011, Respondents filed their Answer, denying Perry's claims and requesting, *inter alia*, that the petition be dismissed because it is time-barred. [Doc. 7, at 1, 8-10.] On January 18, 2012, Perry filed a reply. [Doc. 12.]

    2.    Perry is currently confined at the Penitentiary of New Mexico in Santa Fe, New Mexico.

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the 14-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed. *See, e.g.*, Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004) ("firm waiver" rule followed in Tenth Circuit holds that a party who fails to object to magistrate judge's findings and recommendations in timely manner waives appellate review of both factual and legal questions).

3. Following a jury trial on May 18, 2006, in the Second Judicial District Court, Perry was found guilty of the following crimes: (1) second-degree murder, a second-degree felony; (2) conspiracy to commit second-degree murder, a third-degree felony; (3) armed robbery, a second-degree felony; (4) conspiracy to commit armed robbery, a third-degree felony; (5) kidnapping, a second-degree felony; and (6) conspiracy to commit kidnapping (in the second degree), a third-degree felony (State v. Perry, No. D-202-CR 200202165, State of New Mexico, County of Bernalillo). [Doc. 7, Ex. B.] The state court also found Perry was an habitual criminal offender with prior felony convictions. [Id.] On July 17, 2006, the Second Judicial District Court entered an Amended Judgment and Order Partially Suspending Sentence. [Id.] Based on his convictions and status as a habitual offender, Perry was sentenced to a total term of 95 years to be followed by two (2) years on parole. He was required to serve 75 years of this sentence, with twenty (20) years suspended, and was allowed pre-sentence confinement credit of three years and 322 days. [Id.]

4. In his federal habeas petition [Doc. 1], Perry raises the following claims: (1) Sixth Amendment Ineffective Assistance of Counsel, including his attorney's alleged failure to properly investigate or coordinate a pretrial defense, failure to impeach the co-defendant through cross examination, failure to obtain exculpatory evidence to impeach the State's key witness, and failure to provide "even minimally" competent counsel to Perry; (2) Fifth Amendment violation by police who questioned Perry and elicited prejudicial statements, after Perry invoked his Miranda rights; (3) erroneous jury instructions concerning necessary elements "for conviction of crime," prejudicial statements by prosecution, including misstatement of the burden of proof, illegal enhancement of basic sentences, and violations of the Fourteenth Amendment; (4) reservation of the right to present other claims "pending appointment of counsel, as [Perry] is not versed in the law, has already been

held as incompetent to stand trial, and needs a competent attorney . . . ." [Doc. 1, grounds one, two, three, and four.]

5.  In the Answer, Respondents argue that Perry's petition is time-barred, that it is a mixed petition, containing both exhausted and unexhausted claims, that some or all of Perry's claims are procedurally defaulted, and that Perry cannot satisfy the standards of review set out in 28 U.S.C. § 2254. Respondents assert that Perry's § 2254 petition is time-barred because it was filed outside the one-year limitation period provided by the Antiterrorism and Effective Death Penalty Act (AEDPA). [Doc. 7, at 8-10.] Perry contends the late filing should be excused because of his "good faith" belief that his direct appeal was still pending, thereby delaying his decision to file the federal habeas petition. [Doc. 12, at 2.]

## **Procedural History**

6.  The Court sets forth the following chronology in order to evaluate Respondents' argument that Perry's petition was filed outside the one-year limitations period. The dates are taken from the pleadings attached to Perry's Petition, Respondents' Answer, or other pleadings. [Doc. Nos. 1, 7, 10.]

| | | | |
|---|---|---|---|
| a. | May 23, 2006: | Judgment, Order and Commitment [Doc. 7, Ex. A.] |
| b. | June 22, 2006: | Notice of Appeal [Doc. 7, Ex. C.] |
| c. | July 17, 2006: | Amended Judgment and Order Partially Suspending Sentence filed [Doc. 7, Ex. B.] |
| d. | July 24, 2006: | Perry's Motion to Correct Sentence [Doc. 7, Ex. D.] |
| e. | Nov. 9, 2006: | Order denying Perry's motion to correct sentence [Doc. 7, Ex. F.] |
| f. | July 17, 2006: | Perry's Docketing Statement [Doc. 7, Ex. G.] |

3

| | | |
|---|---|---|
| g. | Sept. 20, 2006: | Court of Appeals Notice, placing Perry's appeal on general calendar [Doc. 7, Ex. H.] (two-year delay before briefing commenced on appeal) |
| h. | Sept. 26, 2008: | Perry's Brief-in-Chief [Doc. 7, Ex. I.] |
| I. | Nov. 10, 2008: | State's Answer Brief [Doc. 7, Ex. J.] |
| j. | Dec. 1, 2008: | Perry's Reply Brief [Doc. 7, Ex. K.] |
| k. | April 7, 2009: | Court of Appeals Decision affirming conviction [Doc. 7, Ex. L.] State v. Perry, 146 N.M. 208 (Ct. App. 2009). |
| l. | April 8, 2009: | Letter from appellate defense counsel to Perry informing him of adverse ruling and stating her intention to file a petition for writ of certiorari with the New Mexico Supreme Court within 20 days of the April 7, 2009 decision. [Doc. 10, attached letter.] |
| m. | May 13, 2009: | Mandate [Doc. 7, Ex. M.] |
| n. | May 29, 2009: | Judgment on Mandate [Doc. 7, Ex. N.] |
| o. | May 19, 2011: | Perry's *pro se* state habeas petition [Doc. 7, Ex. O.] |
| p. | May 20, 2011: | State court's Order summarily dismissing Perry's state habeas petition [Doc. 7, Ex. P.] |
| q. | June 14, 2011: | Perry's *pro se* petition for writ of certiorari [Doc. 7, Ex. Q.] |
| r. | July 25, 2011: | State's response to petition [Doc. 7, Ex. R.] |
| s. | Aug. 3, 2011: | New Mexico Supreme Court Order denying Perry's petition for writ of certiorari [Doc. 7, Ex. S.] |
| t. | Sept. 20, 2011: | Perry's federal habeas petition. [Doc. 1.] |

## **Analysis**

7.     AEDPA, Pub. L. No. 104-132, § 101, 110 Stat. 1321 (codified at 28 U.S.C. § 2244(d)), amended federal habeas corpus procedures by adding a one-year limitations period for §

2254 petitions. Pliler v. Ford, 542 U.S. 225, 230, 224 S.Ct. 2441, 2445 (2004). AEDPA became effective on April 24, 1996. *See* Rogers v. Gibson, 173 F.3d 1278, 1282 n. 1 (10th Cir. 1999), *cert. denied,* 528 U.S. 1120 (2000). Perry was convicted and sentenced after this date, and his federal habeas petition is therefore subject to AEDPA's one-year limitation period.

8. Title 28 U.S.C. § 2244(d)(1) provides that the one-year limitation period runs from the latest of four specified dates. Gonzalez v. Thaler, 132 S.Ct. 641, 652-53 (Jan. 10, 2012) (citations omitted). In this case, the pertinent calculation is from the "date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

9. In Gonzalez, the United States Supreme Court observed that "the [] judgment becomes final 'when [the] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing a certiorari petition expires.'" Gonzalez, 132 S.Ct. at 652-53 (citations omitted).

10. Respondents state that:

> On April 7, 2009, the New Mexico Court of Appeals issued an Opinion affirming [Perry's] conviction. Exhibit L. [Perry] had thirty (30) days or until Thursday, May 7, 2009 to file a petition for writ of certiorari to the New Mexico Supreme Court or a motion for extension of time to file the petition. Rule 12-502 NMRA. Petitioner failed to file either a petition or a motion for extension.

Thus, Perry's conviction became final on Friday, May 8, 2009, thirty days after the Court of Appeals issued its decision. Accordingly, the one-year time limitation began to run on May 8, 2009, and expired on Monday, May 10, 2010. [Doc. 7, at 9-10.]

11. Perry did not file any pleadings between May 8, 2009, and May 19, 2011, when he filed his *pro se* state habeas petition. All time is tolled with respect to Perry's direct appeal, through

5

the date of May 8, 2009. The same is generally true with respect to Perry's state habeas petition. The time was tolled between the filing date of May 19, 2011, through August 3, 2011, when the New Mexico Supreme Court denied Perry's petition for writ of certiorari.

12. However, Perry did not file any pleadings from May 10, 2010, the deadline to file his federal habeas petition, until September 20, 2011, the date he actually filed his federal habeas petition. Thus, Perry allowed a lapse of about 374 days past the one-year limitations period before seeking federal post-conviction relief. Because his federal habeas petition was filed over one year after his limitations period expired, the petition is untimely.

13. For these reasons, Perry's federal habeas petition is time-barred and subject to dismissal with prejudice in accordance with 28 U.S.C. § 2244(d)(1).

14. Perry does not challenge the pertinent dates as set out above. [Doc. 12, at 2.] In his reply, he argues that the petition "is not time-barred, due to neglect amounting to ineffective assistance of counsel by Petitioner's appointed appellate counsel" and that a statute of limitations may be tolled. [Doc. 12, at 2.] Perry further contends that his conviction should not be considered final on April 7, 2009, or May 8, 2009, "because he believed in good faith that his direct appeal was still pending in the New Mexico Supreme Court." [Id.] In support, Perry refers to a letter from his appellate counsel, dated April 8, 2009, advising him of the affirmance of his conviction and "assuring him that [counsel] would be filing a petition for New Mexico Supreme Court review. . . and would send him a copy of the petition after it [was] filed." According to Perry, he believed counsel had done her job "as promised" and that his appeal was on review before the New Mexico Supreme Court. "[B]y [May] 2011, after not hearing from his attorney or the Court [since April 2009], Perry assumed his petition for writ of certiorari was denied and proceeded to file a "mostly self-completed Petition for Writ of Habeas corpus in state court." [Id.]

15. To qualify for equitable tolling, a petitioner has the burden of demonstrating: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, ––– U.S. ––––, 130 S.Ct. 2549, 2562 (2010) (quotations omitted). *See* Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (same). Put differently, equitable tolling is appropriate "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2002) (citations omitted). In the Tenth Circuit, it is well established that "AEDPA's one-year statute of limitations is subject to equitable tolling ... ***only in rare and exceptional circumstances***." Id. (emphasis added).

   *A.*   *Diligence*

16. "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *See* Yang, 525 F.3d at 928 (*quoting* Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)) (internal quotation marks omitted)). *See also* Miller v. Marr, 141 F.3d 976, 978 (10th Cir.) (dismissing petitioner's equitable-tolling claim because he "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"), *cert. denied*, 525 U.S. 891 (1998).

17. Here, the Court determines that Perry did not satisfy his "strong burden" of showing "specific facts" that he acted with due diligence in pursuing his federal habeas petition. Perry explains only that he believed that his attorney must have filed his petition for writ of certiorari so he took no further action for over a year based on that unverified "belief." Perry fails to demonstrate any specific steps he took to check on the status of his appeal or the petition for writ of certiorari supposedly filed by his attorney.

18. His attorney's letter of April 8, 2009 states the following:

> I enclose a copy of the opinion issued by the Court [on April 7, 2009]. As you can see, the Court ruled against us on each of our issues. Since the Court addressed each of our arguments and squarely disagreed with our position, the only thing I can do now is petition the New Mexico Supreme Court for further review. The petition for New Mexico Supreme Court review must be filed within 20 days of the date that the opinion of the Court of Appeals was filed. Such petitions are rarely granted, but this step will allow you to seek further review of your conviction, if you decide to do so. I'll send you a copy of the petition after it is filed, but in the meantime, if you have any questions about the Court's opinion or your appeal, please write to me or call collect . . . .

[Doc. 10, attachment.] The letter implies that Perry's attorney intended to file the petition for writ of certiorari, but that she did not think it would be successful. She also alerted Perry that she would send him a copy of the petition once it was filed. Respondents confirm that a petition for writ of certiorari was never filed.

19. While Perry's attorney's omission is regrettable, Perry still had responsibility to take steps to ensure that the petition for writ of certiorari was filed and to check on the status of his case. This is particularly true where counsel informed Perry that she would send him a copy of the filed petition and did not do so. Perry did not show that he ever contacted his attorney to check on the status of the petition or why he did not receive a copy of the pleading. In addition, Perry did not show that he contacted the New Mexico Supreme Court at any time during that period of over a year to verify the status of his case. Perry did nothing to further his cause once the Court of Appeals issued its decision. Perry provides no good reason why he waited over a year before finally filing his federal habeas petition. *See, e.g.,* " United States v. Gabaldon, 522 F.3d 1121, 1126–27 (10th Cir. 2008) (petitioner could show due diligence by making "multiple requests that his documents be returned before the deadline . . . .").

20. To the extent that Perry argues he did not understand a one-year limitations period existed, the Tenth Circuit has held that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (quotation omitted), *cert. denied*, 531 U.S. 1194 (2001). Moreover, even if his attorney provided Perry with inaccurate information, "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling," without more, because habeas petitioners have no constitutional right to counsel. Lawrence v. Florida, 549 U.S. 327, 336–37 (2007). In addition, a "garden variety claim of excusable neglect" on the part of Perry's attorney does not justify equitable tolling or excuse Perry's inaction. *See* Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453 (1990).

21. Because Perry fails to satisfy his burden of demonstrating he diligently pursued his right to file the federal habeas petition, equitable tolling cannot be applied to extend his limitations period. Even if Perry could show he acted diligently, he does not demonstrate the type of extraordinary circumstances that would justify equitable tolling.

### B. *Extraordinary Circumstances*

22. When attorney error rises to the level of egregious misconduct, the Court has allowed for equitable tolling. *See* Fleming v. Evans, 481 F.3d 1249, 1255–57 (10th Cir. 2007) (finding attorney's misconduct was sufficiently egregious to justify equitable tolling of the AEDPA limitations period). In a recent United States Supreme Court decision, the Court held that the petitioner had shown the requisite "cause" to excuse a procedural default and reversed the Circuit Court opinion to the contrary, so that the question of "prejudice" could be addressed. Maples v. Thomas, 132 S.Ct. 912, 917, 922-23 (2012).[2] In Maples, the attorney abandoned his client without

---

[2]The Supreme Court observed that there was no reason why the distinction between attorney negligence and attorney abandonment should not hold in both the context of a federal time bar or cause

notice and occasioned the default. The Court reasoned that the acts or omissions of an attorney who withdraws "cannot fairly be attributed to [the client]." Id. (internal citations omitted).

23.     However, in so concluding, the Supreme Court observed that negligence on the part of a prisoner's postconviction attorney does not qualify as "cause," because the attorney is the prisoner's agent. Thus, under "well-settled principles of agency law," the principal [petitioner] bears the risk of negligent conduct on the part of his agent. Id. at 922 (internal citations omitted).

24.     Although the Court's decision in Maples addressed a question of procedural default, the Court found instructive its recent decision in Holland v. Florida, 560 U.S. __, 130 S.Ct. 2549 (2010). Id. Holland, like Perry, missed the one-year limitations deadline prescribed by 28 U.S.C. § 2244(d) for filing his federal habeas proceeding. Id. In Holland, the Court examined whether equitable tolling applied and whether an attorney's unprofessional conduct could ever constitute an "extraordinary circumstance" justifying equitable tolling. Id. The Holland petitioner argued that his attorney "had detached himself from any trust relationship with his client." Id. at 923-24 (internal citation omitted).

25.     In further discussing Holland, the Maples Court noted the "essential difference between a claim of attorney error, however egregious, and a claim that an attorney had essentially abandoned his client." Id. (internal citation omitted).

> Holland's plea fit the latter category: He alleged abandonment "evidenced by counsel's near-total failure to communicate with petitioner or to respond to petitioner's many inquiries and requests over a period of several years." . . . If true, . . . "petitioner's allegations would suffice to establish extraordinary circumstances beyond his control[:] Common sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word."

---

excusing a procedural default in state court. Maples, 2012 WL 125438, *11 n.7.

Id. at 923 (internal citations omitted).

26.     Perry did not demonstrate that his attorney abandoned him, provided egregiously erroneous advice, or was unscrupulous to the point of intentionally deceiving Perry. Instead, Perry elected to rely on his belief that his attorney filed the petition rather than confirming that action was taken. Stated differently, Perry did not repeatedly contact his attorney, either by telephone or in writing, to check on the status of his case. Perry cannot show that he made multiple attempts to reach his attorney and that his attorney refused to communicate with him. His attorney did not repeatedly assure him that she would file the petition for writ of certiorari. Instead, Perry's attorney promptly alerted him of the Court of Appeals decision, the deadline to file a petition for writ, and her opinion that petitions for writ of certiorari rarely succeed. Perry had all of the information he needed to check on the status of his case, either with counsel or through the court. At most, his attorney's failure to file the petition, while unfortunate, was negligent. But, Perry did not and cannot demonstrate that his attorney's negligence impeded his ability to file a timely federal habeas petition.

27.     Perry did not satisfy his burden of demonstrating that his failure to timely file was caused by extraordinary circumstances that stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, *cert. denied,* 545 U.S. 1135 (2005). *See* Yang, 525 F.3d at 929 ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." . . . It is "to be applied sparingly.") (citations omitted). *See also* York v. Galetka, 314 F.3d 522, 527 (10th Cir. 2003) (recognizing equitable tolling only in "rare and exceptional circumstances"); Boyd v. Ward, 56 F. App'x 849, 851 (10th Cir. Dec. 12, 2002) (equitable tolling available only in "rare and exceptional circumstances" and where inmate "diligently pursued his claims and demonstrated that the failure to timely file was caused by

11

extraordinary circumstances beyond his control") (internal citations omitted), *cert. denied,* 539 U.S. 917 (2003)).

28. For the reasons stated above, the Court finds that Perry's federal habeas petition is time-barred and that there are no grounds for equitable tolling.

### **Recommended Disposition**

That Perry's § 2254 Petition [Doc. 1] be denied and that the action be dismissed with prejudice.

That under Rule 11 of the Rules Governing Section 2254 cases, the Court recommends *sua sponte* that a certificate of appealability not issue because Perry failed to make a substantial showing that he has been denied a constitutional right.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge