**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CLARK EUGENE PERRY,

Petitioner,

v. No. CIV 11-841 WJ/LFG

MANUEL PACHECO, et al.,

Respondents.

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the Magistrate Judge's Findings and Recommended Disposition ("findings and recommendations") [Doc. 13], filed February 29, 2012, recommending dismissal of this action, with prejudice. More specifically, the Magistrate Judge found, *inter alia*, that Petitioner Clark Eugene Perry's ("Perry") habeas petition, filed under 28 U.S.C. § 2254, was time-barred and that equitable tolling did not apply to excuse his late filing. [Doc. 13, ¶¶ 13, 21, 27.] Therefore, the Magistrate Judge recommended that the Perry's § 2254 petition be denied with prejudice, and furthermore that a Certificate of Appealability not issue because Perry failed to make a substantial showing that he was denied a constitutional right. [Doc. 13, at 12.]

The Court granted Perry an extension of time to file his objections, which were due no later than April 9, 2012. [Doc. 15.] Perry's objections and "sworn statement" [Doc. Nos. 16, 17] were filed-stamped April 10, 2012, but mailed earlier. Even if considered one day late, the Court

considers both Perry's objections and his sworn statement. The Court conducted a *de novo* review of those portions of the Magistrate Judge's findings and recommendations to which Perry objects.[1]

**Perry's Objections**

Perry does not challenge the Magistrate Judge's finding that his petition is subject to AEDPA's one-year limitations period, 28 U.S.C. § 2244(d)(1), or that he filed his petition outside the one-year deadline. Instead, he claims that he is entitled to equitable tolling because he can demonstrate that he pursued his rights diligently and that extraordinary circumstances stood in his way to prevent him from timely filing his federal habeas petition. [Doc. 17.]

The Magistrate Judge accurately observed that Perry's deadline to file his federal habeas petition was May 10, 2010, and that Perry did not file the petition until September 20, 2011.[2] Perry, therefore, allowed 374 days to pass, after expiration of the one-year limitations period, before attempting to seek federal post-conviction relief. [Doc. 13, ¶ 12.] Thus, unless equitable tolling applies to excuse the untimely filing, Perry's federal habeas petition is subject to dismissal with prejudice.

The Magistrate Judge also correctly set forth the applicable legal standard concerning the application of equitable tolling. A petitioner bears the burden of demonstrating both that (1) some extraordinary circumstances stood in his way to prevent a timely filing, and (2) that he pursued his rights diligently. Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2562 (2010). Recently, the Tenth Circuit Court of Appeals reiterated that–

---

[1]Perry's petition, including his objections, are prepared by another inmate because of Perry's allegation that his "IQ is very low . . . ." [Doc. 16.]

[2]Part of this period was tolled during the period Perry filed his state habeas petition.

> even when extraordinary circumstances arise, equitable tolling is available only when the petitioner has pursued his or her claim with "reasonable diligence." Holland v. Florida, 130 S.Ct. 2549, 2565 (2010) (quotations omitted). To satisfy this requirement, the prisoner must "allege with specificity the steps he took to diligently pursue his federal claims."

Elledge v. Attorney General of State of Okla., 2012 WL 1139023, *2 (10th Cir. Apr. 06, 2012) (unpublished).

***1. Extraordinary Circumstances***

It is uncontested that Perry's appellate counsel filed a direct appeal on his behalf. [Doc. 7, Ex. C, G, I, K.] On April 7, 2009, the New Mexico Court of Appeals affirmed Perry's conviction. [Doc. 7, Ex. L and Doc. 13, at 4; State v. Perry, 146 N.M. 208 (Ct. App. 2009).] On April 8, 2009, Perry's appellate counsel wrote Perry informing him of the adverse ruling and advising him of her intention to file a petition for review within the 20-day deadline for doing so. [Doc. 10, attached letter.] The appellate attorney explained to Perry that the Court of Appeals ruled against him on each of the counts and "squarely disagreed with our position." Thus, the only thing left for counsel to do was to file a petition for review with the New Mexico Supreme Court, which counsel stated were "rarely granted." Counsel also informed Perry that once the petition was filed, she would send him a copy. If Perry had any questions, he was directed to write or call counsel. [Id.; Doc. 13, ¶ 18.] For unexplained reasons, Perry's appellate counsel did not file the petition for review with the New Mexico Supreme Court. Several years then passed before Perry, acting *pro se*, filed this federal habeas petition. [Doc. 1, Doc. 13, at 4.]

Perry characterizes his appellate counsel's failure as "egregious conduct of misrepresentation and abandonment." He likens his situation to cases where courts have found ineffective assistance of counsel based on a petitioner's appellate attorney failure to perfect an appeal. [Doc. 17, at 2.] *But*

*see* United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) ("Ineffective assistance of counsel, where it is due to an attorney's negligence, or mistake, has not generally been considered an extraordinary circumstance [with respect to equitable tolling]."). He relies specifically on Fleming v. Evans, 481 F.3d 1249, 1256 (10th Cir. 2007), where the Tenth Circuit concluded that a petitioner's habeas counsel's misconduct could be sufficiently egregious to justify equitable tolling of the one-year limitations period. The Tenth Circuit held that Fleming had alleged enough facts to warrant an evidentiary hearing to determine if equitable tolling was justified. Id. at 1256-57.

The facts in Fleming are distinguishable from Perry's situation. Moreover, Perry misconstrues Fleming. That case did not decide that appellate counsel was ineffective for failing to "perfect an appeal." Rather, in Fleming, the court examined allegations where the inmate specifically instructed his trial attorney to withdraw his guilty plea and to perfect an appeal on that issue. According to Fleming, his attorney told him he had followed petitioner's instructions and that the claim was pending in state court. In analyzing these allegations, the Tenth Circuit attempted to determine "the date on which the factual predicate [of this claim for ineffective assistance of counsel] could have been discovered through the exercise of due diligence," for purposes of equitable tolling. Id. at 1255. The court did not resolve the exact date when Fleming became aware of his attorney's failure because that date would not matter if equitable tolling applied. Id. n.3. Instead, the Tenth Circuit addressed Fleming's assertion that the limitations period should be equitably tolled for a period of more than one year because he relied on his newly retained habeas attorney's misrepresentations that the attorney "was in the midst of preparing and filing an application for post-conviction relief and Mr. Fleming had no cause to discover these misrepresentations." Id. at 1255.

Fleming retained his new attorney nearly a full year in advance of the expiration of the filing deadline. Fleming inquired of counsel several times during phone calls and visits at the prison as to the status of his habeas petition. Each time he made inquiries to habeas counsel, the counsel's staff assured Fleming that his petition was being prepared and would be filed within a week or two. However, counsel did not file the habeas petition. Fleming, aware of the fast-approaching limitations period, drafted his own petition with the aid of an inmate law clerk and submitted it to counsel for review and filing in state court. His habeas attorney filed it, but only after the AEDPA one-year period had expired. The Tenth Circuit found this conduct by habeas counsel was egregious enough to at least warrant an evidentiary hearing to determine whether the misconduct constituted "extraordinary circumstances" sufficient to apply equitable tolling. Id. at 1256-57. Moreover, Fleming took significant and numerous proactive steps to ensure a timely filing of his habeas petition.

Unlike the facts in Fleming, there is no question that Perry's appellate counsel filed a timely direct appeal. Contrary to the issues raised in Fleming, Perry does not assert that he hired habeas counsel, specifically instructed habeas counsel to file a post-conviction petition for relief well within the one-year deadline, was assured by counsel on a number of times that counsel had done so or would do so, or that Perry himself prepared a habeas petition that habeas counsel failed to timely file.

Instead, in Perry's case, his appellate counsel filed the direct appeal. In his objections, Perry states:

> Almost three years [after his conviction and sentencing], on April 7, 2009, the New Mexico Court of Appeals affirmed [Perry's] conviction and sentence. In the first few months of this stage of his direct appeal, Petitioner called his attorney's office collect 2 to 3 times to ask about its progress, and if he needed to be doing anything.

> On the last call, he was advised that there was nothing for him to do, that his appeal was working its way through the process, and further calls would not be welcome – he would be notified of any result. Petitioner accepted this as standard, his attorney having been appointed to represent him and his interests.

[Doc. 17, at 2.] It was not his attorney's fault that there was a two-year delay before the Court of Appeals set the briefing schedule on the appeal, or that the Court of Appeals did not decide the appeal until three years after it was filed. [Doc. 7, Ex. H; Doc. 13, at 3-4.] Perry's objections imply that counsel somehow engaged in misconduct by advising him that there was nothing to be done at the point Perry called, during the early stages of his direct appeal. But, counsel's representations were accurate. While years were passing, counsel and Perry were in the position of waiting until the appeal worked its way through the process. Counsel further informed Perry that she would inform him when his appeal was decided. A day after the Court of Appeals issued its decision, counsel wrote Perry advising him of the result. To the extent Perry argues otherwise, there was no misconduct or misrepresentation by counsel.

Perry next comments on his attorney's representation that she intended to file a petition for review within the 20-day filing deadline, but did not do so. [Doc. 17, at 3.] Perry states that he "would have found repeated assurances from his attorney as to her intent to file the petition a little strange and inconsistent with her representation to that point. Nor did Petitioner feel the need to question his counsel's sincerity of intent to file the petition with repeated phone calls or letters to her or the court." [Id.] Perry implies that he had no obligation to communicate with counsel during those 20 days to ensure that she followed through. The Court does not necessarily suggest otherwise. However, counsel informed Perry in her April 8, 2009 letter that she would send him a copy of the petition. Once Perry failed to receive the petition, he presents no evidence or specific details of his attempts to confirm whether or not it was filed. The fact that Perry allegedly did not

usually receive a copy of pleadings from his attorney does not excuse his failure to act for a year or more in ascertaining the status of the petition for writ of certiorari.

Perry's appellate counsel should have filed the petition for review as stated in her letter to Perry. But, at most, the Court concludes counsel's failure to follow through was due to negligence or inadvertence, rather than egregious or extraordinary attorney misconduct. This is especially true where appellate counsel thoroughly argued the issues on appeal and promptly informed Perry of the appellate decision, along with her impression that a petition for review, under the circumstances, would likely be unsuccessful. While entitled to rely on counsel's integrity and "sincerity of intent," Perry's inaction for a period of several years after his attorney's April 8, 2009 letter, cannot be excused merely because he did not have the "aptitude for trying to micro-manage" or by his lack of anxiety over deadlines since the Court of Appeals took three years to decide his appeal. [Doc. 17, at 3.]

Moreover, Perry's appellate's counsel failure to file the petition for review cannot demonstrate "extraordinary circumstances" sufficient to warrant equitable tolling, even if Perry could demonstrate reasonable diligence in the pursuit of his claims. In Lewis v. Phelps, 2011 WL 4544000, *3 (D. Del. Sep. 29, 2011) (unpublished), the petitioner similarly argued that because appellate counsel promised to file a petition for a writ of certiorari in the United States Supreme Court but failed to do so, and also failed to notify the petitioner of the one-year limitations period, he was entitled to equitable tolling. The district court rejected this argument, finding that counsel's performance could not justify equitable tolling because "there is no constitutional right to representation by counsel for the purpose of pursuing discretionary appellate review or for pursuing a post-conviction remedy." Id. (*citing* Coleman v. Thompson, 501 U.S. 722, 752 (1991)).

Here, Perry complains of similar conduct on the part of his appellate counsel, *i.e.,* that because he had a constitutional right of appointment of counsel on direct appeal "and in the appeal itself"[3] [Doc. 17, at 2], appellate counsel's failure to file a petition for review amounted to egregious misconduct. Perry's argument is not supported by the law and is unavailing. *See, e.g.,* Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("the right to appointed counsel extends to the first appeal of right, and no further [ ]"); Wainwright v. Torna, 455 U.S. 586, 587 (1982) ( *per curiam* ) ("[A] criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in [the United States Supreme] Court.") (internal citation omitted).

Moreover, this simply is not the type of case where counsel acted egregiously, severed relations with her client, or abandoned him. There is no evidence that Perry's attorney intentionally mislead, deceived, and lied to him, repeatedly failed to communicate with him or refused his letters and calls, or neglected to inform him of pertinent deadlines. Perry's attorney, in the April 8, 2009 letter, invited him to contact her by telephone or letter, but there is no evidence that Perry called or wrote counsel regarding the 20-day deadline or that he ever took timely steps to confirm the filing of the petition for review. Perry's decision to trust his attorney does not excuse several years of his inaction. Nor do Perry's assertions concerning his low IQ or lack of legal knowledge constitute extraordinary circumstances. *See* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert.*

---

[3]There is no constitutional right to direct appeal. Abney v. United States, 431 U.S. 651, 656 (1977). Moreover, Perry's counsel filed a direct appeal that was denied. However, as noted by Justice Scalia in Holland, "the rule that an attorney's acts and oversights are attributable to the client is relaxed where the client has a constitutional right to effective assistance of counsel," as opposed to habeas proceedings where a client has no right to counsel. Holland, 130 S.Ct. at 2571 (Scalia, J., dissenting).

*denied*, 531 U.S. 1194 (2001) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing") (internal citation omitted).

Therefore, the Court concludes that counsel's mistake or negligence did not present an insurmountable obstacle that prevented Perry from filing a timely federal habeas petition. Had Perry taken active steps in ensuring that his litigation was proceeding, he would have had ample time to file his federal habeas petition within the one-year limitations period. For these reasons, the Court concludes that Perry did not establish egregious attorney misconduct or other circumstances sufficient to demonstrate "extraordinary circumstances," that would justify equitable tolling. Accordingly, his objections are overruled.

***2. Diligent Pursuit of Rights***

Even if the Court concluded that Perry's counsel's single mistake or omission constituted "extraordinary circumstances," the Court is not convinced by Perry's pleadings, objections or sworn statement that he acted with sufficient diligence to justify equitable tolling. As noted by the Tenth Circuit, equitable tolling is appropriate only if the inmate has pursued his claims diligently. Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998). Further, as described by the Magistrate Judge's findings and recommendation, a petitioner must allege "with specificity" the steps he took in diligently pursuing his federal claims. [Doc. 13, ¶ 16 (*citing* Yang v. Archuleta, 525 F.3d 925, 930 (10th Cir. 2008) and Miller, 141 F.3d at 978).]

The Court agrees that the diligence required for equitable tolling purposes is "reasonable diligence," and not "maximum feasible diligence." Holland, 130 S.Ct. at 2565 (internal citations and quotations omitted). However, Perry fails to demonstrate he acted with reasonable diligence in waiting until September 20, 2011 to file his federal habeas petition. [Doc. 13, at 4.]

While Perry argues that he waited "less than two months to file his petition for federal habeas corpus once his post-conviction remedies were final," [Doc. 17, at 3], he actually waited over two years from the date his appeal was denied to file his *pro se* state habeas petition. [Doc. 13, at 4.] Even if Perry believed his appeal might still be pending based on reliance on his attorney's May 8, 2009 letter, advising him counsel would file a petition for writ of certiorari, nothing caused Perry to wait until June 2011 to file a *pro se* state habeas petition or prevented him from filing that petition much earlier.

In addition, Perry's allegations that he called "the court twice in 2011 before [] filing for state habeas" [Doc. 16] do not provide the required showing of the steps he took in diligently pursuing his claim. He provides no dates of these calls in 2011, does not identify what court he contacted, to whom he spoke, or the content of the calls. He supplies no telephone logs indicating such calls were made or attempted.

Perry further claims that he had "been trying to contact my attorney from the first time I receive[d] her first letter by calling her on the phone with no accept to my calls at all so I felt that she was handling everything as she told me she would . . ." Again, Perry provides no specific facts as to any dates he attempted to contact his attorney. It is not clear whether he refers to the times he allegedly tried to contact his attorney during the pendency of his direct appeal or whether he also contends he tried to reach his attorney subsequent to the May 8, 2009 letter. Perry produces no evidence of copies of letters he might have written to his attorney or the court regarding this matter.

Perry's bare allegations of the attempts he took to pursue his rights are insufficient to demonstrate reasonable diligence. *See, e.g.*, Sigala v. Bravo, 656 F.3d 1125, 1128 (10th Cir. 2011) (court rejects argument that limitation period should be tolled for several years based on defense counsel's alleged failure to inform petitioner of an amended judgment and sentence, where petitioner

was notified that his case was remanded for this purpose and the record contained no indication that petitioner followed up on his case status, either with defense counsel or the courts); Law v. Jones, 433 F. App'x 651, 652 (10th Cir. Aug. 5, 2011) (unpublished) (petitioner discovered his attorney lied about filing a petition but did not file a petition himself until nearly two years later, and any obstacles the petitioner encountered were not sufficiently immediate or prolonged to excuse the extent of petitioner's delay); Watson v. Milyard, 335 F. App'x 741, 743-44 (10th Cir. June 24, 2009) (unpublished) (inmate failed to diligently pursue habeas relief), *cert. denied*, 130 S.Ct. 1089 (2010); Ellibee v. Roberts, 122 F. App'x 963, 965 (10th Cir. Feb. 16, 2003) (unpublished) (notwithstanding petitioner's attachments to his brief that showed he had taken quite a lot of action in pursuing the status of his claim, there was a fatal two and a half year gap, where no action was taken, that could not be blamed on the trial court or negligence of counsel). *Compare* Fleming, 481 F.3d at 1257 (despite his attorney's assurances that his attorney was taking appropriate and timely action, petitioner took it upon himself to prepare his own petition).

For these reasons and those set forth in the Magistrate Judge's findings and recommendations [Doc. 13, ¶¶ 16-21], along with well-established law that the AEDPA one-year statute of limitations is subject to equitable tolling "only in rare and exceptional circumstances," Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2002), the Court concludes that Perry did not satisfy his burden of demonstrating he acted with reasonable diligence in pursuing his rights. Accordingly, his objections are overruled.

***3. Appointment of Counsel***

To the extent Perry again requests appointment of counsel [Doc. 17, at 6], the request is denied for essentially the same reasons set forth in the Magistrate Judge's previous Orders. [Doc. Nos. 9, 11.]

***4. Denial of Certificate of Appealability***

Perry argues that the Magistrate Judge's recommendation that a Certificate of Appealability not issue is premature and that his earlier pleadings demonstrate constitutional violations. [Doc. 17, at 5-6.] The Court disagrees and determines that Perry's conclusory allegations do not satisfy the required substantial showing that he was denied a constitutional right. Therefore, Perry's objections are overruled and no Certificate of Appealability will issue.

**Conclusion**

For the above-stated reasons, the Court agrees with the Magistrate Judge's findings and recommendations and overrules all of Perry's objections.

IT IS THEREFORE ORDERED that the Magistrate Judge's findings and recommendations are adopted by the Court, that no Certificate of Appealability shall issue, and that Mr. Perry's § 2254 petition [Doc. 1] is DENIED and this action, in its entirety, is DISMISSED, with prejudice.

UNITED STATES DISTRICT COURT